ROY ROGER PETERSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petersen v. Commissioner
Docket No. 6168-87.
United States Tax Court
T.C. Memo 1988-221; 1988 Tax Ct. Memo LEXIS 249; 55 T.C.M. (CCH) 872; T.C.M. (RIA) 88221; May 16, 1988. Roy Roger Petersen, pro se. Richard L. Hunn, for the respondent. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1983 in the ammount of $ 4,354.28, an addition to tax under section 6653(a)(1) [1] in the amount of $ 217.71, and an addition to tax under section 6653(a)(2) in an amount equal to 50% of the interest payable with respect to the portion of the underpayment attributable to negligence. The issues are: (1) whether petitioner is able to substantiate various expenses claimed on Schedule C for the taxable year; (2) whether and in what amount petitioner is liable for self-employment tax; (3) whether petitioner was negligent or intentionally disregarded the rules and regulations in preparing his income tax return; and (4) whether petitioner is entitled to an overpayment, as claimed in his *251 petition, in the amount of $ 3,629,623. Petitioner resided in Houston, Texas, when he filed his petition and during the year in issue. During 1983 petitioner, a marine surveyor, was engaged in a business which he operated as a sole proprietorship under the name "Roy R. Petersen, Marine Surveyor." Petitioner's business involved the surveying of damaged or sunken vessels to determine the extent of damage and losses thereto, as well as the removal or salvaging of some of these vessels. Much of petitioner's work was done under agreements with insurance companies, particularly the United Services Automobile Association Insurance Company (USAA), who engaged him to survey the extent of damage and losses to vessels stricken by hurricane Alicia in 1983. On Schedule C of his 1983 income tax return petitioner claimed gross receipts or sales of $ 18,302.50, returns and allowances of $ 1,050, and deductions for business expenses of $ 21,260.24. Respondent accepted petitioner's gross receipts figure, but disallowed the returns and allowances and expense deductions for lack of substantiation. Respondent also imposed self-employment taxes and an addition to tax for negligence. In his petition, *252 petitioner claimed an overpayment of $ 3,629,623 which he claims represents taxes taken from him on a total amount he calculates was owed him by USAA and the State of Texas but which he never received. Schedule C
Petitioner received Forms 1099 for the year 1983 as follows: USAA
$ 1,564.00
Mid Century Ins. Co.
1,127.00
Container Consultants
1,013.00
Total
$ 3,704.00
Petitioner testified that these amounts were included in the gross receipts figure of $ 18,302.50 reported on Schedule C. He now states that the 1099 income was the total amount of cash he received in 1983, and that the remainder of the gross receipts reported, or $ 14,598.50, represents the salvage value of three damaged ships which petitioner had removed from the water at the Coast Guard's request. Petitioner states he was never paid for removing these ships, but was first told to keep them in lieu of payment. In July, 1984, however, the ships were seized and petitioner was charged with stealing the vessels. Petitioner testified he spent two months in jail before the case was brought to trial, resulting in a hung jury. Apparently the charges were subsequently *253 dropped. In addition to the $ 1,050 claimed as returns and allowances, petitioner claimed the following deductions: Advertising
$    115.00
Car & Truck expenses
1,040.85
Legal & professional services
1,095.00
Rent on business property
3,000.00
Taxes
125.25
Travel & entertainment
13,875.15
Utilities & telephone
1,238.99
Photography
460.00
Photocopy
110.00
Postage
200.00
Total
$ 21,260.24
Petitioner verified, and respondent concedes, he is entitled to the following expenses: Subcontract services
$ 3,150.00
Depreciation on trailer
362.50
Taxes
7.08
Car & truck expenses
520.43
Total
$ 4,040.01
Respondent also concedes that petitioner is entitled to $ 49.95 investment tax credit on a trailer (the subject of the depreciation deduction above). As a preliminary matter we note that deductions are a matter of legislative grace, and taxpayers are required to maintain and present for examination books and records to support their claims. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); section 6001. Petitioner has the burden of *254 proving that respondent's determinations, as set forth in his notice of deficiency, are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). At trial, petitioner's evidence consisted of his income tax return, the Forms 1099 referred to above, a tax receipt for which respondent allowed credit, a bill from a subcontractor which respondent also allowed, various documents reflecting insurance claims filed by boat owners with USAA, and a boat owner's policy. Petitioner also submitted a statement from American Mortgage Company regarding his personal residence showing taxes paid of $ 827.56 and home owner's insurance of $ 291. [2] Otherwise, petitioner did not submit any documentary evidence to substantiate the Schedule C items. Petitioner testified that although he could not be sure, the $ 13,875.15 claimed as travel and entertainment *255 may have represented a trip to the Persian Gulf to assist with an oil spill. Petitioner received neither a salary nor expenses for this trip. He had no records of his travel and entertainment expenses. Petitioner deducted $ 1,095 for legal and professional services. Unfortunately, he could present no cancelled checks or other written substantiation for these deductions. He testified that the legal fees were incurred in connection with defending his mother's home from a taking by the state government. Petitioner was unable to present any written substantiation of the other items claimed on his Schedule C. Petitioner did offer a map of his mother's property, a letter from the U.S. Supreme Court acknowledging receipt of a filing by petitioner, and various documents related to petitioner's "admiralty" cases involving the seized boats. We excluded these for lack of relevance. Section 162(a) allows a deduction for ordinary and necessary business expenses incurred in carrying on a trade or business. When questioned, a taxpayer must substantiate the claimed expenses by appropriate documentary and/or testimonial evidence. Under certain circumstances, where we are satisfied that *256 expenses were incurred but adequate records do not exist to show the exact amount of those expenditures, we are permitted to estimate the amount of the allowable deduction, bearing heavily against the party whose burden it is to substantiate those claims. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). We find that petitioner was in the trade or business of being a marine surveyor in 1983. In addition to those items allowed by respondent, we will allow the following deductions. We find that petitioner's principal place of business was his residence, and that he used one of six rooms in that residence exclusively and on a regular basis as his office. We, therefore, allow petitioner one-sixth of the taxes ($ 827.56) and hazard insurance ($ 291) paid in relation to his home, or a total home office deduction of $ 186.42. Section 280(A)(c)(1)(A). In addition, we will invoke the Cohan rule and, bearing heavily against petitioner for the lack of adequate records, we will allow $ 120 ($ 10 per month) for telephone, $ 50 for photocopying, and $ 100 for postage. Petitioner has not borne his burden of establishing entitlement to any other greater deductions *257 than allowed by respondent for car and truck expenses or taxes. To the extent he incurred expenses for legal and professional services, neither the amounts nor the payment have been established, and insofar as they were spent in defense of petitioner's mother's property, they are not his business expenses. Petitioner did not offer any testimony or other evidence concerning returns and allowances, except regarding the salvaged boats seized from him in 1984. However, since the seizure did not occur in 1983 any resulting losses are not deductible in that year. Special substantiation requirements are provided in section 274(d) for travel and entertainment. For these expenses, testimony alone is not satisfactory. Adequate records or sufficient evidence in corroboration of testimony detailing the amount, time, place and business purpose f each expense must be shown. Section 1.274-5(b)(2), Income Tax Regs. For those expenditures the Court is prohibited from relying upon Cohan v. Commissioner, supra.Since petitioner was unable to provide the necessary corroboration, his deductions for travel and entertainment must be disallowed. Petitioner's Overpayment Claim
*258 Petitioner testified that, at the request of the Coast Guard following hurricane Alicia, he removed more than 30 damaged vessels from the water to a "final disposition." As a result, he was embroiled in a dispute with USAA Insurance Company and the State of Texas over his entitlement to payment for this work. Petitioner claims he was entitled to be paid $ 7,299,000, (calculated at $ 100 per hour per boat until payment was received, which never occurred). He further claims that tax on that amount would have been $ 3,629,623 which he believes the State of Texas kept in conspiracy with the insurance company. Petitioner, therefore, seeks an overpayment of that amount in this Court. Petitioner sincerely believes he was wronged and has sought redress of his grievances in a Federal district court, but his case was dismissed. We have no jurisdiction over petitioner's dispute with either the State of Texas or USAA, and therefore, cannot give him the relief he seeks. Furthermore, since petitioner never received or reported in income the $ 7,299,000, he did not pay Federal taxes on that amount, and, therefore, is not entitled to an overpayment. Negligence
Respondent determined *259 that petitioner was liable for additions to tax under sections 6653(a)(1) and 6653(a)(2) for negligence. Petitioner has the burden of proof. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner did not maintain adequate records to substantiate the amounts claimed on his return. He has not met his burden of showing good cause for the lack of such records. Therefore, we sustain respondent in imposing these additions to tax. However, these amounts will be reduced from those shown in the notice of deficiency, based upon the reduced deficiency resulting from respondent's concessions and our determinations herein. Self-Employment Tax
Petitioner had self-employment income within the meaning of section 1402. This income is subject to additional tax under section 1401. Again, the amount imposed will be adjusted to reflect respondent's concessions and our determinations herein. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner contends these amounts should be allowed as deductions on his Schedule C, since he operated his business from home. He testified that one room out of six was used as his only office. Petitioner did not file a Schedule A and, therefore, did not deduct these amounts with respect to his personal residence. ↩